# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**KELVIN WELLS**                                                             **CIVIL ACTION**

**VERSUS**                                                                   **NO. 23-354-BAJ-RLB**

**DEPARTMENT OF CHILDREN AND**
**FAMILY SERVICES, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 24, 2024.

                                                                                     **RICHARD L. BOURGEOIS, JR.**
                                                                                     **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KELVIN WELLS**                                             **CIVIL ACTION**

**VERSUS**                                                   **NO. 23-354-BAJ-RLB**

**DEPARTMENT OF CHILDREN AND
FAMILY SERVICES, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are Defendant Department of Children and Family Services' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(1) and 12(B)(6) and its Memorandum in Support (collectively, the "Motion to Dismiss"). (R. Docs. 19, 19-1). Also before the Court are Plaintiff's Motion for Summary Judgment, Plaintiff's Memorandum in Support of Judicial Review of the Motion for Summary Judgment, Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss and in Support of Plaintiff's Motion for Summary Judgment, and Defendant Department of Children and Family Services' Reply Memorandum in Support of the Motion to Dismiss. (R. Docs. 12, 20, 21, 22).

**I.  Background**

On May 9, 2023, Plaintiff filed the captioned action against the Louisiana Department of Children and Family Services ("DCFS") and D. Bentley ("Bentley").[1] (R. Doc. 1). Plaintiff alleged that "Defendants fr[o]ze and seized Veterans unemployability Disability funds of which they admit not being allowed to do without due process . . . while knowing that Plaintiff still supports his children financiall[y], while not crediting, [IRS] refunds, and other payments." (R. Doc. 1). Plaintiff requested that the Middle District of Louisiana "[o]rder [DCFS] to return all money frozen or seized [and o]rder Defendants to stop [d]iscriminatory actions[.]" (R. Doc. 1).

---

[1] Daletria Bentley. (R. Doc. 19).

2

On August 23, 2023, this Court noted "there [wa]s no proof of service in the record" and ordered Plaintiff to show cause "on or before September 18, 2023, . . . why the claim against defendants should not be dismissed[.]" (R. Doc. 10). On September 6, 2023, Plaintiff attested that service was made on DCFS. (R. Doc. 11). No proof of service of defendant Bentley has been provided. (R. Doc. 11).

Plaintiff filed his Motion for Summary Judgment on October 2, 2023. (R. Doc. 12). He did not file a memorandum in support or statement of facts with the motion. (R. Doc. 12). Plaintiff eventually filed a memorandum in support on November 16, 2023, but no statement of facts was attached.[2] (R. Docs. 12, 21).

DCFS filed no opposition but did file a Motion to Dismiss, arguing that (i) Plaintiff's claims against DCFS are barred due to its sovereign immunity under the 11th Amendment; (ii) Plaintiff fails to state or support due process or equal protection claims; and (iii) Plaintiff's claims are barred by the domestic relations doctrine. (R. Docs. 19, 19-1). In his response on November 9, 2023, Plaintiff noted for the first time that "Bentl[e]y refused to take service" and argued DCFS cannot claim immunity because "*Hafer v. Melo* destroys immunity claims when a state official . . . claims immunity." (R. Doc. 20). In reply, Defendants responded that *Hafer v. Melo* does not apply to DCFS as *Hafer* applies to state officials, not arms of the state. *Hafer v. Melo*, 502 U.S. 21 (1991). (R. Doc. 22).

## II.  Law and Analysis

*Pro se* pleadings are to be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also SEC v. AMX, Int'l, Inc.*, 7 F. 3d 71, 75 (5th Cir. 1993) (A court "must construe [a *pro se* plaintiff's] allegations and briefs

---

[2] Local Rule 56(b) states, "A motion for summary judgment shall be supported by a separate, short, and consise statement of material facts[.]"

3

more permissively"). Nevertheless, "a *pro se* litigant is not exempt . . . from compliance with relevant rules of procedural and substantive law." *NCO Fin. Systems, Inc. v. Harper-Horsley*, No. 07-4247, 2008 WL 2277843, at *3 (E.D. La. May 29, 2008) (citation omitted). As such, a *pro se* plaintiff's complaint "must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F. 2d 99, 100 (5th Cir. 1993) (*per curiam*) (citation omitted). Courts need not "search for or try to create causes of actions or find material issues of fact for *pro se* plaintiffs." *Kiper v. Ascension Parish Sch. Bd.*, No. 14-313, 2015 WL 2451998, at *1 (M.D. La. May 21, 2015) (citation omitted).

### A.    Plaintiff's Claims Against DCFS Must Be Dismissed

Fed. R. Civ. P. l2(b)(1) "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.,* 668 F. 3d 281, 286-87 (5th Cir. 2012) (citation omitted). This is because, under Fed. R. Civ. P. 12(b)(l), a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate" the claim. A motion to dismiss under Fed. R. Civ. P. 12(b)(l) is analyzed under the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Wells v. Ali,* 304 F. App'x 292, 293 (5th Cir. 2008) (Citing *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F. 2d 278, 284 (5th Cir.1993); *Benton v. U.S.,* 960 F. 2d 19, 21 (5th Cir. 1992)) ("We review dismissals under [Fed. R. Civ. P.] 12(b)(1) and 12(b)(6) *de novo,* and according to the same standard."). When reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, courts must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F. 3d 190, 196 (5th Cir. 1996); *Benton v. United States*, 960 F. 2d 19, 21 (5th Cir. 1992).

4

"The burden of proof for a [Fed. R. Civ. P.] 12(b)(l) motion to dismiss is on the party asserting jurisdiction." *Celestine v. TransWood. Inc.,* 467 Fed. App'x. 317, 318 (5th Cir. 2012) (citation omitted). Thus, a pleading stating a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1). Plaintiff has failed to bear his burden as he states no facts that remove DCFS from its Eleventh Amendment protections, which "generally divest[] federal courts of jurisdiction to entertain suits directed against states." *Green v. State Bar of Texas,* 27 F. 3d 1083, 1087-88 (5th Cir. 1994). (R. Doc. 1).

Under the Eleventh Amendment, "[f]ederal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *Moore v. Louisiana Bd. of Elementary & Secondary Educ.,* 743 F. 3d 959, 963 (5th Cir. 2014). DCFS, a state agency,[3] has not waived its immunity. (R. Doc. 19-1). Plaintiff has also failed to show that Congress has abrogated the state's immunity. Thus, this court does not have jurisdiction over Plaintiff's claims against DCFS. *See Howard v. Jarrell*, 1:22-CV-05422, 2023 WL 1775090 (W.D. La. Jan. 13, 2023) (DCFS is an arm of the state and entitled to state sovereign immunity), *report and recommendation adopted*, *Howard v. Jarrell,* 2023 WL 1768149 (W.D. La. Feb. 3, 2023); *Lewis v. Children and Family Services*, 6:20-00364 (W.D. La. Oct. 1, 2020) (same); *Williams v. Dept. of Children and Family Services State of Louisiana*, Civ. Action No. 16-15866, 2017 WL 4479504 (E.D. La. May 9, 2017) (claims against DCFS dismissed without prejudice pursuant to the State's sovereign immunity).

---

[3] La. Stat. Ann. § 36:471 ("The Department of Children and Family Services is created[.]"); La. Stat. Ann. § 36:3 ("'Department' means a department of the executive branch of state government[.]"); *Giglio v. State, Dep't Child & Fam. Servs.,* 2013-551 (La. App. 3 Cir. 12/18/13), 129 So. 3d 871, 874 (court refers to DCFS as a state agency); *Gilbert v. State Through Dep't of Transportation & Dev.,* 2018-49 (La. App. 3 Cir. 6/6/18) (same); *State ex rel. E.R.,* 2011-0065 (La. App. 3 Cir. 5/4/11), 63 So. 3d 1152, 1154, *writ granted in part,* 2011-1097 (La. 7/14/11), 67 So. 3d 473 (same).

5

Accordingly,[4] the Court recommends that Plaintiff's claims against DCFS be dismissed without prejudice for lack of jurisdiction.

**B.     Plaintiff's Claims Against Bentley Must Be Dismissed**

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4. "[P]roof of service must be made to the court . . . by the server's affidavit." *Id.* Under Local Rule 41(b), "[a] civil action may be dismissed by the Court for lack of prosecution [w]here no service of process has been made within 90 days after filing of the complaint[.]" L.R. 41(b). "Prior to issuance of a dismissal, notice shall be sent to the plaintiff, and plaintiff shall be allowed fourteen calendar days from mailing of the notice within which to file evidence of good cause for plaintiff's failure to act. If no response is received within the allotted time, the Court may dismiss the civil action." *Id.*

On August 23, 2023, this Court ordered Plaintiff to show cause in writing, "on or before September 18, 2023, . . . why the claim against defendants should not be dismissed[.]" (R. Doc. 10). On September 6, 2023, Plaintiff attested that service was made on DCFS. (R. Doc. 11). He did not respond with respect to defendant Bentley as ordered. (R. Docs. 10, 11). On November 9, 2023, Plaintiff again failed to provide any proof of service on Bentley in his opposition to the Motion to Dismiss. (R. Doc. 20). Plaintiff has failed to serve Bentley within the time required by Local Rule 41(b) and has failed to comply with the Court's Order to show cause. (R. Doc. 10).

---

[4] As sovereign immunity applies, this Court is not addressing or applying Defendant's other arguments.

6

No proof of service has been filed. (R. Docs. 11, 20). Accordingly, this defendant should be dismissed without prejudice for failure to serve.

### III.     Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that the Motion to Dismiss (R. Doc. 19) be **GRANTED**, with the captioned action being dismissed without prejudice as to both DCFS and Bentley; and

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Summary Judgment (R. Doc. 12) be **DENIED** as moot.

Signed in Baton Rouge, Louisiana, on January 24, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**