UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KELVIN WELLS                                               CIVIL ACTION

VERSUS

DEPARTMENT OF CHILDREN AND                NO. 23-00354-BAJ-RLB
FAMILY SERVICES. ET AL.

RULING AND ORDER

Now before the Court is Plaintiff's **Motion For Summary Judgment (Doc. 12)** and Defendants' **Motion To Dismiss pursuant to Fed. R. Civ. P. 12(B)(1) and 12(B)(6) (Doc. 19)**. Plaintiff, a *pro se* litigant, initiated this action against Defendants Louisiana Department of Children and Family Services (DCFS) and Dalertica Bentley[1] on May 9, 2023. Plaintiff alleges that "[d]efendants froze and seized his veteran's unemployability disability funds without due process" knowing that he uses these funds to financially support his children. (Doc. 24 at 2) (citing Doc. 1). Additionally, he asserts that Defendants failed to "credit his IRS refunds and other payments." (*Id*).

On January 24, 2024 the Magistrate Judge issued a **Report and Recommendation (R&R) (Doc. 24)**, recommending that DCFS' Motion To Dismiss (Doc. 19) be granted and Plaintiff's Motion For Summary Judgment (Doc. 12) be denied as moot because Plaintiff filed his memorandum in support untimely, and that

---

[1] Dalertica Bentley is an official of DCFS. The parties did not describe her job title. (*See* Doc. 1 at 8).

it was not accompanied by a statement of facts. (Docs. 12, 21). In response to the R&R, Plaintiff timely filed an objection (Doc. 25). He contends that the Magistrate Judge erred in finding insufficiency of service because Defendant "Dalertica Bentley refused service with documents being placed near their person on several occasions [sic]." (Doc. 25 at 1). For reasons herein, the Court will adopt the R&R, Plaintiff's Motion For Summary Judgment (Doc. 12) will be denied as moot, and DCFS' Motion to Dismiss (Doc. 19) will be granted.

Plaintiff does not dispute that service has not been perfected upon Bentley, only that he has faced difficulty serving both her and the Office of General Counsel for DCFS. (Doc. 25 at 1). Relevant here, the Office of General Counsel is not a named Defendant in this action, but the DCFS General Counsel is designated to accept service on behalf of Bentley when she is sued in her official capacity. (Doc. 27 at 2). Nevertheless, Plaintiff attests that he petitioned this Court for service to be made by the United States Marshal because DCFS General Counsel and [Dalertica] Bentley… "refus[ed] service with documents being placed near their persons on several occasions." (Doc. 25 at 1). To support his claim, Plaintiff cites *Pope v. State*, 1999-2559 (La. 6/29/01), 792 So. 2d 713. In *Pope,* a Louisiana state court found "it is unconstitutional to dismiss a Plaintiff's claim or petition for insufficiency of service." (Doc. 25 at 1). However, Plaintiff's reliance upon a *state* court proceeding is misplaced. This Court must apply the applicable provisions of the *federal* rules which require:

> [I]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action with prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good

2

cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(M).

It is uncontroverted that more than 90 days have passed since Plaintiff initiated this action. In accordance with FRCP 4(m), Plaintiff has failed to show good cause for failure to perfect service upon Bentley. In response to the Court's previous Order to Show Cause (Doc. 10), Defendants assert that the process server, Cassandra Bickham, "states only that she served the summons on the DCFS's general counsel, who is designated to accept service of process on behalf of DCFS." (Doc. 27 at 2). However, Plaintiff has failed to show good cause why this action should not be dismissed as to Bentley for two reasons: (1) Bickham's summons does not mention service upon Bentley and (2) he has yet to perfect service upon her. Thus, Plaintiff remains noncompliant with FRCP 4(m).

Next, Plaintiff alleges that DCFS is not immune from litigation because "[c]orporations such as DCFS are people and can be sued and DCFS is a corporation doing business in the United States, not just in Louisiana." (Doc. 25 at 1). In support of his argument, Plaintiff directs the Court to *Citizen United v. Fed. Election Comm'n*, 558 U.S. 310 (2010). In *Citizens United*, the Supreme Court held that "the government may not, under the First Amendment, suppress political speech on the basis of the speaker's corporate identity." *See id.* However, Plaintiff's reliance on this case is misguided because DCFS is not engaging in corporate political speech. More importantly, DCFS is a state agency. "It is well settled that '[t]he Eleventh Amendment to the United States Constitution bars suits in federal court by citizens

of a state against their own state or a state agency or department.'" *See Martin v. Dep't of Child, & Family Servs.*, 500 F. Supp.3d 527, 542 (E.D. La. 2020) (quoting *Darlak v. Bobear*, 824 F.2d. 1055, 1059 (5th Cir. 1987)). DCFS is an arm of the state of Louisiana, and thus is entitled to the protection of sovereign immunity. *See also Williams v. Dep't of Child, & Fam. Servs. Louisiana*, No. CV 16-15855, 2017 WL 4470504 (E.D. La. May 9, 2017) (dismissing Plaintiff's action against DCFS because it is entitled to State sovereign immunity). *See also El Bey v. Caddo Par. Juv. Ct.*, No. CV 21-4245, 2023 WL 1421955 (W.D. La. Jan. 30, 2023) (holding that "DCFS—as an agency of the State is—entitled to Eleventh Amendment sovereign immunity [and] [a]ll claims are barred and the agency is [] dismissed from the instant suit."). Thus, Plaintiff's claims against DCFS fail.

Lastly, although Plaintiff argues that this action contains allegations of Due Process and Equal Protection violations, he fails to allege any plausible facts that would support his claims. As previously noted, Plaintiff asserts that "Defendants fro[z]e and seized [his] Veterans unemployability disability funds. . .without due process . . .while knowing that Plaintiff still supports his children, financial[y], [without] crediting [his] IRS refunds and other payments." (Doc. 1 at 2). He makes no mention of discriminatory behavior and does not allege anything further to support his arguments of due process violations.

Notably, appended to Plaintiff's petition is a notice from DCFS explaining that the reason his assets were frozen was because he "owes child support in the past due amount of $17,693.14." (Doc. 1 at 3). DCFS informed Plaintiff that he "had 30 days to

advise [them] if he wishe[d] to appeal this action . . . [and] if [he] requeste[d] an appeal, the matter [would] be scheduled for a court hearing." *See id.* If Plaintiff did not file an appeal within 30 days, Defendants warned him that the agency would "take possession of the asset." (*Id.*). The United States Court of Appeals for the Fifth Circuit found that, "[a] government decision depriving an individual of his right to 'life, liberty, or property' must, at a minimum, be preceded by notice and an opportunity for the individual to be heard.'" *See Morris v. Livingston*, 739 F.3d 740, 750 (5th Cir. 2014) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, U.S. 306, 313 (1950)).

In his petition, Plaintiff admits that he was provided with notice of DCFS' intention to freeze his assets and that he had the opportunity to appeal the action. Indeed, Plaintiff exercised his right to an administrative appeal[2] (Doc. 1 at 3). Thus, Defendants did not deny Plaintiff his right to procedural due process and his claims concerning violations of due process are rendered moot.

Having conducted a *de novo* review of Plaintiff's Complaint (Doc. 1), his Motion For Summary Judgment (Doc. 12), and Memorandum in Support (Doc. 21), Defendant's Opposition to the Motion For Summary Judgment (Doc. 23), Defendant's Motion To Dismiss (Doc. 19), Plaintiff's opposition to the same (Doc. 20), the R&R and the Plaintiff's objections to the R&R (Doc. 25), the Court **APPROVES** the **R&R (Doc. 24)**, and **ADOPTS** it as the Court's opinion in this matter.

Accordingly,

---

[2] Plaintiff appended his signed "Notice of Appeal" found at Doc. 1 at 3.

**IT IS ORDERED** that Plaintiff's **Motion For Summary Judgment (Doc. 12)** be and is hereby **DENIED as MOOT**.

**IT IS FURTHER ORDERED** that Defendant's **Motion To Dismiss (Doc. 19)** be and is hereby **GRANTED**.

Baton Rouge, Louisiana, this 27th day of June, 2024

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**